UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN ANTHONY PIERCE,

                            Plaintiff,                  Civil Action No.
                                                          9:21-CV-1301
                        v.                                         (TJM/DJS)

TIMOTHY MCCARTHY, et al.,

                            Defendants.

---

APPEARANCES:                                                  OF COUNSEL:

JOHN ANTHONY PIERCE
16-B-1596
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

THOMAS J. McAvoy
Senior United States District Judge

## DECISION AND ORDER

      Pro se plaintiff John Anthony Pierce ("plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision, commenced this action on or about December 7, 2021, with the filing of a complaint. Dkt. No. 1. In a Decision and Order issued on February 2, 2022, the Court granted plaintiff's application to proceed in the action in forma pauperis ("IFP") and accepted the complaint, pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, insofar as it asserted First and Fourteenth Amendment claims against defendants Kennedy, Dewberry, McKoy, McCarthy, Lowe, Annucci, and Cuomo. Dkt. No. 5 ("February Order") at 19. The Court directed plaintiff to provide the Court with seven complete copies of the complaint within 30 days of the date of the February Order to

effectuate service of process on defendants Kennedy, Dewberry, McKoy, McCarthy, Lowe, Annucci, and Cuomo. *Id.* at 20. The Court alternatively provided plaintiff the opportunity to pay the applicable copying fee to allow the Clerk to make the seven copies of the complaint on plaintiff's behalf. *Id.* Plaintiff was warned that his failure to comply with the December Order may result in dismissal of the action. *Id.*

On or about February 22, 2022, and March 7, 2022, instead of complying with the February Order's directive to provide copies of the complaint or pay the copying fee, plaintiff filed, in relevant part, two "motions" to amend his complaint. Dkt. Nos. 8-9. Because of the procedural juncture of the action, plaintiff's "motions" were denied as unnecessary, and the Court conducted a sua sponte review of the proposed pleading as required by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. *See* Dkt. No. 11 ("April Order"). After carefully reviewing the proposed amended complaint (Dkt. No. 9-2), the Court accepted it for filing only with respect to the First Amendment free exercise and Fourteenth Amendment equal protection claims asserted against defendants Kennedy, Dewberry, McKoy, McCarthy, Lowe, Annucci, and Cuomo. April Order at 14. Plaintiff was again directed to either (1) submit seven complete copies of the amended complaint (Dkt. No. 12) for purposes of service of process, or (2) pay the Court's copying fee for seven copies of the amended complaint.[1] *Id.* at 14-15. The Court repeated its warning to plaintiff that his failure to comply with this directive may result in dismissal of the action.[2] *Id.* at 15.

---

[1] In light of plaintiff's pro se status, the Court reduced the copying fee significantly by eliminating plaintiff's obligation to file seven complete copies of the exhibits attached to his amended complaint and directing the defendants to access those exhibits electronically. April Order at 15. By doing so, the copying fee was reduced from $696.50 to $98.00. *Compare* February Order at 20 *with* April Order at 14-15.

[2] In a letter from the Clerk, plaintiff was reminded of his obligation to file the required copies of the amended complaint or pay the copying fee, or else risk dismissal of the action. *See* Dkt. No. 13. Enclosed with that reminder was a courtesy copy of his amended complaint. *Id.*

On May 9, 2022, plaintiff filed a letter complaining about the Court's April Order (but requesting no relief).  Dkt. No. 14.  That submission did not include the required copies of the amended complaint or the copying fee.  *Id.*  Plaintiff's deadline to submit the copies of his amended complaint or pay the copying fee as directed in the April Order expired on May 26, 2022.  To date, plaintiff has not complied with the April Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon plaintiff's failure to prosecute an action or comply with the procedural rules or orders of the court.[3]  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. 630-31; *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

In addition, the relevant rules governing service of process on the defendants in a civil action mandate that a plaintiff's failure to timely serve shall result in the dismissal of the unserved defendant from the action.  In particular, Rule 4(m) of the Federal Rules of Civil Procedure authorizes the court, on its own or on motion, to dismiss an action against a defendant who has not been served within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  The Local Rules of Practice for this Court shorten this period for effectuating service

---

[3]  Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss sua sponte), "courts retain the inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed the Local Rules of Practice for this Court recognize this authority and mandate that the Court exercise it under certain circumstances.  *See, e.g.,* N.D.N.Y. L.R. 41.2(a).

to 60 days.  N.D.N.Y. L.R. 4.1(b).  These deadlines governing the time to serve defendants applies with equal force to pro se plaintiffs.  *See Romand v. Zimmerman*, 881 F. Supp. 806, 809 (N.D.N.Y. 1995).  Dismissal is required under Rule 4(m) because when named defendants have not been served or otherwise appeared in the action, the Court does not acquire jurisdiction over them.  *See, e.g., Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989) (citing *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).

      Although dismissal is mandatory under Rule 4(m) when a defendant is not properly served, the rule also provides that, upon a showing of "good cause," the court shall extend the time for service.  Fed. R. Civ. P. 4(m); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).  "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time."  *Panaras*, 94 F.3d at 340 (citing Fed. R. Civ. P. 4(m)); *see also Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause."); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986).  When examining whether to extend the prescribed period for service, a district court is afforded ample discretion to weigh the "overlapping equitable considerations" involved in determining whether good cause exists and whether an extension may be granted in the absence of good cause.  *Zapata*, 502 F.3d at 197.

      As noted above, the Court has not received any copies of the amended complaint or the Court's copying fee so the Court can direct service of process on defendants Kennedy, Dewberry, McKoy, McCarthy, Lowe, Annucci, and Cuomo.  In light of plaintiff's pro se status,

he will be provided a **FINAL** opportunity to either provide seven copies of the amended complaint or pay the Court's copying fee ($98.00) so the Court can then direct the United States Marshal Service to effectuate service of process on the defendants. Plaintiff's failure to comply with this Order will result in dismissal of the action without further action of the Court.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff shall, within 30 days of the date of this Order, either (1) provide seven complete copies of his amended complaint (Dkt. No. 12) to the Court, or (2) pay the Court's $98.00 copying fee by certified check or money order payable to the Clerk of the Northern District of New York; and it is further

**ORDERED** that plaintiff's failure to timely comply with this Order will result in the dismissal of the action without further Order of the Court; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on plaintiff in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

**DATED:** June 14, 2022

Thomas J. McAvoy
Senior, U.S. District Judge