UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN ANTHONY PIERCE,

            Plaintiff,

            -v-                                                  9:21-CV-1301 (AJB/DJS)

TIMOTHY MCCARTHY *et al.*,

            Defendants.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

JOHN ANTHONY PIERCE
Plaintiff, Pro Se
16-B-1596
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

HON. LETITIA JAMES                           BRITTANY M. HANER, ESQ.
New York State Attorney General           Assistant Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On December 7, 2021, *pro se* plaintiff John Anthony Pierce ("plaintiff"), an individual being held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that corrections officials at Auburn Correctional Facility violated his civil rights by, *inter alia*, offering certain religious services that are not religiously accurate. *See* Dkt. No. 1. Along with his complaint, plaintiff

moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. Nos. 2, 3, and for the appointment of counsel, Dkt. No. 4.

The case was initially assigned to Senior U.S. District Judge Thomas J. McAvoy, who granted plaintiff's IFP Application, denied without prejudice his motion for counsel, conducted an initial review of the pleading, and accepted plaintiff's complaint for filing to the extent that it asserted § 1983 First Amendment free exercise and § 1983 Fourteenth Amendment equal protection claims against seven named defendants: Kennedy, Dewberry, McKoy, McCarthy, Lowe, Annucci, and Cuomo.[1]  Dkt. No. 5.  Thereafter, plaintiff filed an amended complaint as of right that named the same defendants and asserted the same § 1983 claims.  Dkt. No. 12.  After defendants won pre-answer dismissal of the Fourteenth Amendment equal protection claim, Dkt. No. 62, they answered plaintiff's § 1983 First Amendment free exercise claim, Dkt. No. 66, and the parties completed a period of discovery, *see, e.g.*, Dkt. No. 68, 70, 75.

On June 20, 2024, defendants moved for summary judgment.  Dkt. No. 76.  After the motion was fully briefed, Dkt. Nos. 78, 79, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion should be granted and plaintiff's amended complaint should be dismissed.  Dkt. No. 83.  As Judge Stewart explained, DOCCS did not infringe on plaintiff's free-exercise right to practice his faith or religion because it provided an explicit procedural mechanism for plaintiff to establish his views and plaintiff failed to take advantage of it.  *Id*.  To the extent that plaintiff's § 1983 First Amendment free exercise claim might have otherwise been viable under these circumstances, Judge Stewart further concluded that qualified immunity was appropriate in light of plaintiff's "unique factual claims."  *Id*.

---

[1] Governor Kathy Hochul was substituted as the named defendant when she assumed office.  Dkt. No. 62.

Plaintiff has lodged objections. Dkt. No. 84. But plaintiff does not articulate a basis on which to reject Judge Stewart's R&R recommending the grant of summary judgment. Instead, plaintiff's objections focus on earlier decisions made in this litigation by Judge Stewart and/or Judge McAvoy. *See id*.

The matter has recently been reassigned to this Court for further proceedings. Dkt. No. 85. Upon *de novo* review, Judge Stewart's R&R will be accepted and adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 83) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 76) is GRANTED; and

3. Plaintiff's amended complaint (Dkt. No. 12) is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Anthony J. Brindisi
U.S. District Judge

Dated:  March 18, 2025
        Utica, New York.